NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0407n.06

Nos. 22-3162/3562/3964

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 20, 2023
DEBORAH S. HUNT, Clerk

JUAN GABRIEL LOPEZ CHAVEZ;
ARISELDA CRISTAL LOPEZ CHAVEZ,

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS

OPINION

Before: BATCHELDER, GRIFFIN, and LARSEN, Circuit Judges.

PER CURIAM. Juan Gabriel Lopez Chavez and Ariselda Cristal Lopez Chavez, brother and sister, petition this court for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from the denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). As set forth below, we **DENY** the government's motion to dismiss and **DENY** the petitions for review.

The petitioners, natives and citizens of Guatemala, applied for admission to the United States in August 2016, when Juan was 15 years old and Ariselda was 13 years old. The Department of Homeland Security (DHS) served the petitioners with notices to appear in removal proceedings, charging them with removability as immigrants who, at the time of application for admission, were not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Upon the petitioners' release to the custody of their mother, the DHS terminated their status as unaccompanied alien children.

Appearing before an immigration judge (IJ), the petitioners admitted the factual allegations set forth in the notices to appear and conceded removability as charged. The petitioners applied for asylum and withholding of removal due to persecution based on their membership in a particular social group, which they defined as "Guatemalan agrarian youth that are isolated and poor and live in the valley in the crossfire of the war of Tajumulco and that are afraid of the violence and the danger . . . of violence due to the war." The petitioners also sought CAT protection.

At the hearing before the IJ, Juan testified that he and Ariselda lived with their grandmother in a valley in Guatemala where landowners from two municipalities have fought over land and water for a long time. During periods of fighting, which generally lasted two weeks, the petitioners stayed inside and were unable to buy anything or go to school. Juan conceded that he was never harmed during the fighting. According to Juan, their grandmother decided that the petitioners should leave Guatemala and live with their parents in the United States because they were in danger. Juan testified that he feared returning to Guatemala and not having a home or land. Juan also testified about his fear that the war would continue and that he would be forced to join in the fighting when he turned 18 years old. Ariselda agreed with Juan's testimony, likewise expressing a fear about the war continuing and about not having a house or land to go to if they returned to Guatemala.

The IJ denied the petitioners' applications for asylum, withholding of removal, and CAT protection and ordered their removal to Guatemala. Although the IJ found that the petitioners provided credible testimony, the IJ concluded that their applications were legally insufficient. With respect to the petitioners' applications for asylum and withholding of removal, the IJ determined that their proposed group was not cognizable because it lacked social distinction and

particularity. According to the IJ, the petitioners were not eligible for CAT protection because they had failed to establish that they would be tortured by or with the consent or acquiescence of authorities in Guatemala if they returned.

The petitioners filed an appeal, which the BIA dismissed. The BIA upheld the IJ's denial of asylum and withholding of removal, agreeing that the petitioners' proposed group was not socially distinct and therefore not cognizable. As for the IJ's denial of CAT protection, the BIA agreed that the record did not indicate that any public official or other person acting in an official capacity in Guatemala would breach a legal duty to intervene to prevent harm to the petitioners.

The petitioners filed a petition for review of the BIA's order dismissing their appeal (No. 22-3162). The petitioners also moved the BIA to reopen their removal proceedings to apply for voluntary departure. After the BIA reopened the petitioners' removal proceedings and granted them voluntary departure, the government moved to dismiss their petition for review for lack of jurisdiction, asserting that the BIA's order granting their motion to reopen rendered its prior order non-final. The petitioners filed a petition for review of the BIA's order granting reopening and voluntary departure (No. 22-3562) and moved the BIA to vacate that order. The BIA granted the petitioners' motion to vacate and ordered their removal to Guatemala. The petitioners then filed another petition for review (No. 22-3964). We consolidated their petitions for review. The government concedes that its motion to dismiss for lack of jurisdiction is moot in light of the petitioners' subsequent petitions for review and the BIA's vacatur of its order granting reopening.

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the agency's factual findings for substantial evidence, reversing only if "any reasonable

adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

To establish eligibility for asylum, the petitioners must demonstrate that they meet "the definition of a 'refugee,' which means a person who is unable or unwilling to return to [his or] her home country because of past persecution or a 'well-founded fear' of future persecution 'on account of'" a protected ground—in this case, "membership in a particular social group." *Bonilla-Morales v. Holder*, 607 F.3d 1132, 1136 (6th Cir. 2010) (quoting 8 U.S.C. § 1101(a)(42)). Withholding of removal is mandatory if the petitioners establish a clear probability that their "life or freedom would be threatened in [Guatemala] because of" a protected ground—in this case, "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A); *see Kamar v. Sessions*, 875 F.3d 811, 817 (6th Cir. 2017).

The petitioners claimed membership in a particular social group of "Guatemalan agrarian youth that are isolated and poor and live in the valley in the crossfire of the war of Tajumulco and that are afraid of the violence and the danger . . . of violence due to the war." To be cognizable, "[a] 'particular social group' must meet three criteria: (1) immutability (members must share an immutable characteristic), (2) particularity (the group has discrete and definable boundaries), and (3) social distinction (society actually perceives the purported group as a distinct class of persons)." *Cruz-Guzman v. Barr*, 920 F.3d 1033, 1036 (6th Cir. 2019). The BIA agreed with the IJ that the petitioners' proposed group was not cognizable because it lacked social distinction. As the BIA observed, the petitioners failed to point to any evidence in the record that Guatemalan society perceives this group as a distinct segment of the population. *See Zaldana Menijar v. Lynch*, 812 F.3d 491, 498–99 (6th Cir. 2015). Furthermore, Juan's testimony indicated that the fighting affects all residents of the valley and not just those within the proposed group. *See id.* at 500;

*Umana-Ramos v. Holder*, 724 F.3d 667, 674 (6th Cir. 2013). Substantial evidence supports the agency's determination that the petitioners' proposed group lacked social distinction.

The petitioners argue that the BIA erred in finding that their ability to relocate within Guatemala need not be addressed. Because the petitioners' failure to establish their membership in a cognizable group was dispositive of their applications for asylum and withholding of removal, there was no need for the BIA to reach their other arguments as to those grounds for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

To qualify for CAT protection, the petitioners must show that they would more likely than not be subjected to torture if removed to Guatemala. *See Ramaj v. Gonzales*, 466 F.3d 520, 532 (6th Cir. 2006) (citing 8 C.F.R. § 1208.16(c)(2)). "'Torture,' in any of its myriad manifestations, must entail the intentional infliction of severe mental or physical pain upon an individual 'by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.'" *Alhaj v. Holder*, 576 F.3d 533, 539 (6th Cir. 2009) (quoting 8 C.F.R. § 208.18(a)(1)). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

The BIA affirmed the denial of CAT protection, agreeing with the IJ that the record did not indicate that any public official or other person acting in an official capacity in Guatemala would breach a legal duty to intervene to prevent harm to the petitioners. Juan testified that, although there was no police force where they lived in Guatemala, the police had come to their area and that the fighting stopped when the police arrived but then continued when the police left three or four

months later.  Juan's testimony showed that the Guatemalan police had successfully intervened in the fighting in the past and undercut any argument that the authorities would consent to or acquiesce in the petitioners' torture.  *See Zaldana Menijar*, 812 F.3d at 502.  The Guatemalan government's inability to eradicate the fighting does not amount to acquiescence.  *See Torres v. Sessions*, 728 F. App'x 584, 589 (6th Cir. 2018).  Substantial evidence supports the agency's determination that the petitioners had failed to establish eligibility for CAT protection.

For these reasons, we **DENY** the government's motion to dismiss and **DENY** the petitioners' petitions for review.